**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER P. CLARKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-0662 |
| | § | |
| OFFICE OF PERSONNEL | § | |
| MANAGEMENT, LINDA M. | § | |
| SPRINGER, DIRECTOR OFFICE OF | § | |
| PERSONNEL MANAGEMENT, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION GRANTING MOTION TO DISMISS**

Christopher P. Clarke has sued the Office of Personnel Management (OPM) and its

Linda M. Springer, alleging that the OPM improperly determined that he was ineligible for

a position with the U.S. Customs and Boarder Protection.  The decision was based on the

OPM's finding that Clarke had failed to show that his admitted failure to register with the

Selective Service was not "knowing" and "willful."  Under federal law, any United States

citizen, including those living abroad, must register with the Selective Service when they

reach a certain age.  The law provides that no person may be denied a "right, privilege, or

benefit under Federal law" for a failure to register if that person shows by a preponderance

of the evidence that the failure was "not a knowing and willful failure to register." 50 U.S.C.

§ 451.  Federal law also provides that an individual who was required to register but

"knowingly and willfully did not register before the requirement . . . became inapplicable to

the individual . . . shall be ineligible for appointment to a position in an Executive agency."

5 U.S.C. § 3328.  In this suit, Clarke asks this court to review the OPM's decision that he had failed to meet his burden of showing that his failure to register with the Selective Service was not knowing and willful.  He asks this court to "direct OMP to find the Plaintiff eligible for appointment to the Executive Branch."  (Docket Entry No. 1, p. 7).  The defendants move to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted.  The defendants argue the decision is covered by the comprehensive provisions of the Civil Service Reform Act (CSRA), precluding federal-court jurisdiction.  The defendants also argue that the decision is committed to agency discretion by law, precluding review under the Administrative Procedure Act, 5 U.S.C. § 702(a)(2).  (Docket Entry No. 12). Clarke has responded, (Docket Entry No. 14), and the defendants have replied, (Docket Entry No. 17).  Based on a careful review of the motion, response, and reply; the pleadings; and the applicable law, this court grants the motion to dismiss.  The reasons for this decision are set out below.

## I.    Background

Clarke offers the following information about his background in his complaint and attachments.  He provided this information to the OPM.  Clarke was born in the United States in 1973.  His parents were Canadian.  His parents registered his birth with the Canadian Consulate, preserving his right to Canadian citizenship.  Clarke's family moved him to Canada when he was four years old.  Clarke visited the United States for vacations but had not otherwise had contact with United States citizens or government officials.

In December 1999, Clarke applied to work with Continental Airlines in Houston. After he received an offer of employment, he moved to Houston in January 2000, at the age of 26.  He applied for a social security card at that time.

In 2003, Clarke began researching opportunities to work with the federal government. He learned that federal law had required him to register with the Selective Service.  In the summer of 2003, Clarke contacted the Selective Service and learned that he was past the maximum registration age but that his prior failure to register could make him ineligible for federal employment.  The Selective Service told Clarke that his failure to register could not be the basis of a denial of federal benefits if he could prove that his failure to register was not "knowing or willful."  (Docket Entry No. 1).  Clarke had begun an application process with the FBI, but he was not selected for a position for reasons unrelated to his failure to register with the Selective Service.  In 2005, Clarke obtained a United States passport and renounced his Canadian citizenship.

In May 2005, Clarke applied for and received a tentative offer of employment as  a Border Patrol Agent with United States Customs and Border Protection (USCBP).  Clarke requested a determination of eligibility for appointment from the OPM, arguing that his failure to register for Selective Service was not knowing or willful.  Clarke's explanation focused primarily on having lived in Canada for much of his life without contact with the United States.  (Docket Entry No. 1., Ex. A).  The OPM determined that Clarke had not shown by a preponderance of the evidence that his failure to register was not knowing and willful.  The USCBP withdrew its employment offer based on the OPM's determination that

3

Clarke was ineligible.  When the employment offer was withdrawn, Clarke had successfully completed the fitness test, medical exam, drug test, and oral interview and was awaiting the start of the background investigation.  Clarke states he also had a tentative employment offer from the U.S. Immigration & Customs Enforcement.  (*Id.*).

In February 2006, Clarke contacted the OPM for clarification of its decision and to inquire about the appeal process.  A Senior Human Resources Specialist responded on the same day by stating that the agency did not doubt the facts in Clarke's written explanation; however, those facts did not alter the registration requirement or the fact that "every person is deemed to have notice of the requirements of the Selective Service Requirement." (Docket Entry No. 1, Ex. B).  The Specialist suggested that Clarke ask the OMP Director to reopen and reconsider the case.

In February 2006, Clarke sent a written request to "Linda" asking that the OPM reopen and reconsider the determination that he had failed to show that the failure to register was not knowing or willful.  Clarke provided some additional information, described above.[1]  After some delay on the part of the agency, in January 2007, Clarke received a letter from the OPM Director sustaining the decision.  (Docket Entry No. 1 at 7).  Clarke did not seek any administrative appeal.

_____

[1]  Clarke included the following information in his appeal request: documentation pertaining to Clarke's application and receipt of his first social security card in January 2000; his application and official notice of renunciation of Canadian citizenship; evidence of his receipt of a U.S. passport in January 2005; and an affidavit stating that he did not learn of the requirement to register for the Selective Service until 2003, at which point he was too old to register, and that he did not knowingly or willfully fail to register for the Selective Service.  (Docket Entry No. 1, Ex. C).

Clarke filed suit on February 23, 2007.  He asks the court to find him eligible for appointment to the Executive Branch because he met the preponderance of the evidence standard under 5 C.F.R. § 300.706.  Clarke asserts that this court has jurisdiction under 28 U.S.C. § 1331 and that he has exhausted his administrative remedies.  The defendants moved to dismiss.

## II.    The Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997).

5

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).  The Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim.  In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), the Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a),  which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).  Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.

When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").  However, a plaintiff should be denied leave to amend a complaint if the court determines that "allegations of other

facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Great Plains Trust Co.*, 313 F.3d at 329; *Jacquez v. R.K. Procunier*, 801 F.2d 789, 792 (5th Cir. 1996).

Clarke appears *pro se.*   Pleadings filed by *pro se* litigants are held to a less stringent standard than those drafted by attorneys.   *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Alexander v. Ware*, 712 F.2d 416, 419 (5th Cir.  1983).   *Pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983).

## III.   Analysis

Clarke seeks judicial review of the OPM's determination that he is ineligible for appointment with Executive agencies of the Federal Government because he failed to show by a preponderance of the evidence that his failure to register with the Selective Service was not knowing and willful.   Clarke alleges that defendants failed properly to apply the preponderance standard set in 5 C.F.R. § 300.703, which defines the "preponderance of the evidence" to mean "that degree of relevant evidence that a reasonable person, considering the whole, would accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true."   Sections 300.701 through 300.707 are regulations prescribed by the OPM to implement Selective Service registration requirement. 5 U.S.C. § 3328.[2] The

---

[2]  5 U.S.C. § 3328 provides:

(a) an individual--

7

defendants argue that the Selective Service requirement, 5 U.S.C. § 3328, and corresponding OPM regulations, 5 C.F.R. §§ 300.701–707, fall within the Civil Service Reform Act (CSRA), and that the CSRA precludes judicial review of the OPM's determination. Additionally, the defendants argue that the OPM's decision is not subject to judicial review because it is within the agency's discretion.

The APA provides a general source of judicial power to review agency actions. The APA states in part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that defendant in any such action, and a judgment or decree may be entered against the United States.

5 U.S.C. § 702. The APA is not a source of subject matter jurisdiction. Review of an federal agency's employment decision cannot proceed under the APA if that decision is covered by the CSRA. *See ,e.g., Graham v. Ashcroft*, 358 F.3d 931, 935-36 (D.C. Cir. 2004)(no APA

---

(1) who was born after December 31, 1959, and is or was required under section 3 of the Military Selective Service Act (50 U.S.C. App. 453); and

(2) who is not so registered or knowingly and willfully did not register before the requirement terminated or became inapplicable to the individual,

shall be ineligible for appointment to a position in an Executive agency.

(b) The Office of Personnel Management, in consultation with the Director of the Selective Service System, shall prescribe regulations to carry out this section. Such regulations shall include provisions prescribing the procedures for the adjudication of determinations of whether a failure to register was knowing or willful. Such procedures may provide that determinations of eligibility under the requirements of this section shall be adjudicated by the Executive agency making the appointment for which the eligibility is determined.

jurisdiction to review claim that a federal agency violated its regulations in taking the challenged personnel action).

The CSRA "comprehensively overhauled the civil service system," *Lindahl v. OPM*, 470 U.S. 768, 773 (1985), and "created a new framework for evaluating adverse personnel actions against employees and applicants for employment." *Id.* at 774. The CSRA "prescribes in great detail the protections and remedies applicable to [adverse personnel actions], including the availability of administrative and judicial review." *United States v. Fausto*, 484 U.S. 439, 443 (1988). Congress enacted the CSRA "to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *Id.* at 445. The CSRA replaced the Civil Service Commission with three agencies: the Office of Personnel Management, the Merit Systems Protection Board, and the Office of Special Counsel. *Towers v. Horner*, 791 F.2d 1244, 1245 (5th Cir. 1986). Under the CSRA, the OPM is authorized to prescribe regulations for the administration of the competitive civil service. 5 U.S.C. § 1302.

Section 3328 provides that a knowing and intentional failure to register with the Selective Service results in ineligibility for certain federal employment. The statute authorizes the OPM to prescribe regulations to implement the statute. 5 U.S.C. § 3328. The regulations "shall include provisions prescribing the procedures for the adjudication of determinations of whether a failure to register was knowing or willful. Such procedures may provide that determinations of eligibility under the requirements of this section shall be adjudicated by the Executive agency making the appointment for which the eligibility is

9

determined." *Id.*  The OPM regulations, 5 C.F.R. §§ 300.701–707,  apply to appointments in any "civil service personnel management system in an executive agency."  5 C.F.R. § 300.702.  Such appointments are  within the purview of the CSRA.  *See* 5 U.S.C. § 2302; *see also Dotson v. Garcia*, 398 F.3d 156, 163 (2d Cir. 2005) (stating that the CSRA applies to applicants for an agency position).  "Appointment" is defined as "any personnel action that brings onto the rolls of an executive agency as a civil service officer or employee as defined in 5 U.S.C. 2104 or 2105, respectively, a person who is not currently employed in that agency."  *Id.* at § 300.703.  Sections 2104 and 2105 are incorporated under the CSRA.

The OPM promulgated the following regulations:

> (a) OPM will determine whether failure to register was knowing and willful when an individual has requested a decision and presented a written explanation, as described in § 300.705.  The Associate Director for Career Entry or his or her designee will make the determination based on the written explanation provided by the individual.  The burden of proof will be on the individual to show by a preponderance of the evidence that failure to register was neither knowing nor willful.

> (b) OPM may consult with the Selective Service System in making determinations.

> (c) The Associate Director for Career Entry or his or her designee will notify the individual and the agency in writing of the determination.   The determination is final unless reconsidered at the discretion of the Associate Director.  There is no further right to administrative review.

> (d) The Director of the OPM may reopen and reconsider a determination.

> (e) The Director of OPM may, at his or her discretion, delegate to an executive agency the authority to make initial

determinations.    However, OPM may review any initial
determination and make a final adjudication in any case.  If a
delegation is made under this paragraph, the notice in §
300.705(d)(1) will state that the individual may submit a written
request that OPM review the agency's initial determination.
The agency will forward to OPM copies of all documents
relating to the individual's failure to register, including the
individual's request for review and his explanation of his failure
to register.

5 C.F.R. § 300.706 (emphasis added).

Clarke did not file an appeal of the OPM's decision.  The defendants assert in their

motion to dismiss that Clarke could have filed an appeal with the Office of Special Counsel

under 5 U.S.C. § § 1204, 1211-1218, 1221, and 7701-7703.  Clarke responds by arguing that

it is unclear whether the Merit Systems Protection Board had jurisdiction to hear an appeal

from the OPM's decision.  It is clear, however, that the CSRA applies to the challenged OPM

decision.  The courts have held that when the CSRA applies, unless Congress has provided

for direct judicial review of specified agency actions, such review is precluded by the CSRA

and that this bar that cannot be circumvented by suing under the APA.  *See, e.g., United*

*States v. Fausto*, 484 U.S. 439 (1988) ("the absence of provision for these employees to

obtain judicial review is not an uninformative consequence of the limited scope of the statute,

but rather a manifestation of a considered congressional judgment that they should not have

statutory entitlement to review."); *Towers v. Horner*, 791 F.2d 1244 (5th Cir. 1986);

*Carducci v. Regan*, 714 F.2d 171 (D.C. Cir. 1983); *Pathak v. Dep't of Veterans* Affairs, 274

F.3d 28, 32 (1st Cir. 2001) ("Because CSRA does not provide [plaintiff] with a right to

judicial review, the logic of *Fausto* dictates that he cannot go around CSRA and assert federal

jurisdiction by relying upon the [APA]); *Graham v. Ashcroft,* 358 F.3d 931 (D.C. Cir. 2004); *Doe v. Goss*, 2007 WL 106523 (D.D,C. 2007).

Clarke's primary argument appears to be that because the OPM's regulations do not afford him the right to further administrative review, and because the MSPB does not have appellate jurisdiction, this court has jurisdiction.[3]  Clarke did not file any appeal to the MSPB or to the Office of Special Counsel.  Even if the regulations do not afford him a right to further administrative or internal appellate review of the OPM's decision, that does not provide a basis for a federal court's jurisdiction to do so.  In *United States v. Fausto*, 484 U.S. at 448–49 (1988), the Supreme Court held that even if the CSRA excludes administrative or judicial review of the challenged employment decision, that does not provide a basis for direct judicial review.  To the contrary, allowing such direct review would be inconsistent with the CSRA and with congressional intent to "avoid [] an unnecessary layer of judicial review in lower federal courts."  484 U.S. at 448-50.

_____

[3] An agency's failure to select an applicant for a vacant position is generally not appealable to the MSPB.  *See, e.g., Ellison v. Merit Sys. Protection Bd.*, 7 F.3d 1031, 1034 (Fed. Cir.1993). Claims of unlawful conduct in the selection process ordinarily must be brought in other forums.  See, e.g., 5 C.F.R. § 300.104(b) (authorizing candidate to appeal to OPM or the employing agency from rejection of employment application). The Board's jurisdiction is limited to "employment practice[s] ... applied to [a candidate] by the Office of Personnel Management [which] violate[ ] a basic requirement of § 300.103." 5 C.F.R. § 300 .104(a).  For the alleged conduct in this case to be appealable to the Board, it would have to constitute an "employment practice" within the meaning of 5 C.F.R. part 300, subpart A; OPM would have to be involved in the administration of that practice; and the practice would have to violate a basic requirement of 5 C.F.R. § 300.103.  See 5 C.F.R. § 300.104(a); *Prewitt v. Merit Sys. Protection Bd .*, 133 F.3d 885, 887 (Fed. Cir.1998). Employment practices are defined to include "the development and use of examinations, qualification standards, tests, and other measurement instruments." 5 C.F.R. § 300.101. Misapplication of a valid OPM requirement under 5 C.F.R. part 300 also constitutes an employment practice. See Banks v. Department of Agric., 59 M .S.P.R. 157, 160 (1993), aff'd 26 F.3d 140 (Fed.Cir.1994) (table). Although the term "employment practice" is construed broadly, *see Maule v. Merit Sys. Protection Bd.*, 812 F.2d 1396, 1300 (Fed.Cir.1987), an individual agency action or decision that is not made pursuant to or as part of a rule or practice of some kind does not constitute an employment practice, *see Prewitt*, 133 F.3d at 887.

IV.    **Conclusion**

This court lacks subject matter jurisdiction to provide the relief Clarke seeks, to order the OPM to declare that Clarke is eligible for federal executive agency employment because he showed by a preponderance of the evidence that his failure to register with the Selective Service was neither knowing nor willful.  This case is dismissed.

SIGNED on August 17, 2007, at Houston, Texas.

Lee H. Rosenthal
United States District Judge